UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

UNION SECURITY INSURANCE
COMPANY,

        Plaintiff,

v.                                  CIVIL ACTION NO. 5:19-cv-00104

RODNEY WHITE, and
SHANNON GAYE CLARK, and
DELTA DAWN ADDAIR,

        Defendants.

### MEMORANDUM OPINION AND ORDER

Pending are Defendant Shannon Gaye Clark's Motion for Summary Judgment [Doc. 9], Defendant Rodney White's letter-form motions for a determination on the merits, [Doc. 25; Doc. 27], Defendant Delta Dawn Addair's Motion for Summary Judgment [Doc. 29], and Plaintiff Union Security Insurance Company's ("Union Security") Motion for Discharge [Doc. 39].[1]

### I.

Mr. White, Ms. Clark, and Ms. Addair are siblings. Their mother, Vickie Martin, obtained a $50,000.00 life insurance policy through Union Security as a benefit of her employment. The terms of the coverage are contained in a written policy. In pertinent part, the

---

[1] Union Security filed the Interpleader Complaint seeking a determination respecting distribution of proceeds. Upon receipt of interpleader funds, a "district court . . . may discharge the plaintiff from further liability." 28 U.S.C. § 2631. Accordingly, the Court **GRANTS** Union Security's Motion for Discharge.

policy states, "If you named more than 1 beneficiary, your amount of insurance will be divided among them equally, unless you specified otherwise" [Doc. 1-1. at 33]. The policy incorporates by reference the contents of form applications submitted by potential insureds. The forms titled "Employee Application" and "Beneficiary Designation" allow the applicant to identify primary and secondary beneficiaries [*Id.* at 48–52]. Primary beneficiaries are entitled to the proceeds upon death of the applicant, but if no primary beneficiary survives the insured, secondary beneficiaries receive the proceeds [*Id.* at 49, 52]. A third form, titled "Voluntary Term Life Insurance Employee Application," provides a small, blank space in which an applicant may identify a single beneficiary [*Id.* at 44]. This form does not distinguish between primary or secondary beneficiaries as do the other forms [*Id.*].

On June 22, 2016, Ms. Martin completed each of the three forms as a part of her application for insurance. In the Employee Application form, Ms. Martin identified her son, Mr. White, as the primary beneficiary and her daughters, Ms. Addair and Ms. Clark, as secondary beneficiaries [Doc. 1-1 at 49–50]. In the Beneficiary Designation form, Ms. Martin identified Ms. Addair and Ms. Clark as primary beneficiaries and Mr. White as a secondary beneficiary [*Id.* at 52]. In the Voluntary Term Life Insurance Employee Application form, Ms. Martin identifies Mr. White as a beneficiary in the single line provided [*Id.* at 44–47]. Thus, at one point or another on the forms, each sibling is named as a primary beneficiary to the proceeds.

Ms. Martin passed away on September 1, 2018 [Doc. 1-1 at 54]. On or about September 27, 2018, Union Security informed Mr. White of the conflicting beneficiary designations contained in Ms. Martin's application [*See* Doc. 1-1 at Ex. L]. On October 26, 2018, Ms. Addair signed a waiver indicating that Mr. White is the sole beneficiary of the policy [*See* Doc. 26]. She contends, and Mr. White does not dispute, that Mr. White induced the execution of

2

her waiver and that she was not aware of the conflicting beneficiary designations at the time [*See* Doc. 41 at 3]. Ms. Addair states she recanted her waiver after Union Security informed her of the conflicting designations.

In the months that followed, Mr. White, Ms. Addair, and Ms. Clark each submitted to Union Security separate Beneficiary Statements for the policy proceeds [*Id.* at 63–74]. After receiving these claims, Union Security filed the Interpleader Complaint [Doc. 1] seeking a declaration as to the identity of the rightful beneficiary or beneficiaries. Thereafter, each sibling separately moved as noted for a determination on the merits. Ms. Addair and Ms. Clark contend that the proceeds should be divided equally among the three claimant-siblings: Ms. Addair, Ms. Clark, and Mr. White [*See* Doc 29; Doc. 9]. Mr. White, *pro se*, contends that he is the sole beneficiary and that Ms. Martin mistakenly identified Ms. Addair and Ms. Clark as primary beneficiaries in one of the forms [Doc. 27].

## II.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When parties file cross-motions for summary judgment, the trial court must consider each motion separately and view the facts relevant to each in the light most favorable to the nonmoving party. *Mellen v. Brunting*, 327 F.3d 355, 363 (4th Cir. 2003). Each moving party bears the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 23 (1986). The nonmoving parties must

satisfy their burden of proof by offering more than a mere "scintilla of evidence" in support of their position. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993).

The policy is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461. ERISA provides that a plan administrator "shall discharge his duties . . . in accordance with the plan documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(d). "ERISA is silent on the matter of which party shall be deemed beneficiary among disputing claimants." *Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 562 (4th Cir. 1994). Instead, "[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." *Lockhart v. UMWA 1974 Pension Trust*, 5 F.3d 74, 78 (4th Cir. 1993). "[C]ourts should seek to give effect to every provision in an ERISA plan, avoiding any interpretation that renders a particular provision superfluous or meaningless." *Johnson v. American United Life Ins. Co.*, 716 F.3d 813 (4th Cir. 2013). In *Kennedy v. Plan Adm'r for DuPont Sav. & Ins. Plan*, the Supreme Court explained as follows:

> The point is that by giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering to an uncomplicated rule: "simple administration, avoid[ing] double liability, and ensur[ing] that beneficiaries get what's coming quickly, without the folderol essential under less-certain rules." *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 283 (7th Cir. 1990) (Easterbrook, J., dissenting).
>
> And the cost of less certain rules would be too plain. Plan administrators would be forced to examine a multitude of external documents that might purport to affect the dispensation of benefits, *Altobelli v. IBM Corp.*, 77 F.3d 78, 82-83 (4th Cir. 1996) (Wilkinson, J., dissenting), and be drawn into litigation like this over the meaning and enforceability of purported waivers.

555 U.S. 285, 301 (2009) (rejecting an external waiver of benefits that was contrary to express terms of the policy). Indeed, "one of the primary functions of ERISA is to ensure the integrity of written, bargained-for benefit plans." *United McGill Corp. v. Stinnett*, 154 F.3d 168, 171 (4th Cir. 1998).

### III.

Ms. Addair and Ms. Clark move for summary judgment inasmuch as the policy requires equal division among all three siblings [Doc 9; Doc 29]. The policy provides, "[i]f you [the applicant] named more than 1 beneficiary, your amount of insurance will be divided among them equally, unless you specified otherwise" [Doc. 1-1 at 33]. The policy further allows the applicant to "change the beneficiary at any time . . . in writing" [*Id.*]. In her application materials, Ms. Martin named each Mr. White, Ms. Addair, and Ms. Clark as primary beneficiaries. Ms. Martin did not "specif[y] otherwise" as to how she intended to divide the proceeds, nor did she subsequently submit any written indication that she intended to change beneficiaries [*Id.*].

Mr. White's letter-form filings do not dispute the contents of Ms. Martin's application or the language of the policy itself. Rather, Mr. White first contends that Ms. Martin mistakenly identified Ms. Addair and Ms. Clark as primary beneficiaries on the Beneficiary Designation Form [Doc. 37] and that Ms. Martin in fact intended to name Mr. White as the sole beneficiary. In support, Mr. White submits numerous letter-form statements signed by relatives speaking to Ms. Martin's testamentary intent.

"It is well established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993);

*see B&J Enterprises, Ltd. V. Giordano*, 329 Fed.Appx. 411, 416 (4th Cir. 2009) (unpublished); *Sumpter v. United States*, No. 5:16-cv-08951, 2019 WL 7559842 *10 (S.D. W. Va. July 2, 2019). In any event, Mr. White essentially invites the Court to hold a bench trial, conclusively determine Ms. Martin's intentions and, if all bears out in Mr. White's favor, exercise the equitable power of reformation to re-write Ms. Martin's application. *See* 27 R. Lord, Williston on Contracts § 69:55, p.160 (4th ed. 2003); *Blackshear v. Reliance Standard Life Ins. Co.*, 509 F.3d 634, 642-44. ERISA forecloses that approach. *See Kennedy*, 555 U.S. at 301 (dispensing with "any justification for enquiries into nice expressions of intent, in favor of the virtues of adhering [to plan documents]"). Instead, "[t]he award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." *Lockhart*, 5 F.3d at 78. The policy is clear that the proceeds are to be divided equally if the applicant names multiple beneficiaries. Notwithstanding Mr. White's contentions, the Court is constrained to enforce the plain language of the policy.

Mr. White further contends that Ms. Addair waived her rights to the proceeds [*See* Doc. 26]. Mr. White learned of the conflicting beneficiary designations on or about September 27, 2018 [*See* Doc. 1-1 at Ex. L]. Ms. Addair contends, and Mr. White does not dispute, that he induced Ms. Addair's waiver on October 26, 2018, without her knowledge of the conflicting designations [*See* Doc. 41]. The purported waiver is handwritten on an unrelated form [*See* Doc. 26]. Soon thereafter, Ms. Addair learned of the conflicting beneficiary designations and informed Union Security she did not want her purported waiver to stand [*See id.* at 3].

To the extent this did not qualify as fraudulent inducement by Mr. White, the Supreme Court has held such waivers unenforceable. *See Kennedy*, 555 U.S. at 304 (disregarding a common-law waiver in favor of the plain language of the plan). Indeed, the consideration of common-law waivers invites "factually complex and subjective determinations" with respect to

their enforceability and scope. *Id.* at 302. Allowing such waivers would force "[p]lan administrators . . . 'to examine a multitude of external documents that might purport to affect the dispensation of benefits.'" *Id.* at 301 (quoting *Altobelli v. IBM Corp.*, 77 F.3d 78, 82-83 (4th Cir. 1996) (Wilkinson, J., dissenting)). Doing so "might obscure a plan administrator's duty to act in accordance with the documents and instruments." *Id.* at 302. For those reasons, ERISA mandates that courts disregard common-law waivers and instead directs plan administrators to enforce the policy as written.

Accordingly, the Court finds no genuine issue of material fact with respect to the distribution of proceeds in accordance with the policy's plain language.

### IV.

Accordingly, Defendant Shannon Gaye Clark's Motion for Summary Judgment **[Doc. 9]** is **GRANTED**, Defendant Delta Dawn Addair's Motion for Summary Judgment **[Doc. 29]** is **GRANTED**, Defendant Rodney White's letter-form motions **[Doc. 25; Doc. 27]** are **DENIED**, and Plaintiff Union Security Insurance Company's ("Union Security") Motion for Discharge **[Doc. 39]** is **GRANTED**.

It is **ORDERED** that this action be, and hereby is, **DISMISSED** and **STRICKEN** from the docket.

The Court directs the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTERED: June 2, 2020

Frank W. Volk
United States District Judge